IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER, | CASE NO. 8:12CV363 |
| Petitioner, | |
| v. | MEMORANDUM |
| | AND ORDER |
| MICHAEL HEAVICAN, and NEBRASKKK SUPREME KKKOURT, | |
| Respondents. | |

This matter is before the court on Respondents' Motion to Dismiss. (Filing No. 5.) In support of their Motion, Respondents have submitted a Brief and Index of Evidence. (Filing Nos. 6 and 7.) As set forth below, the Motion to Dismiss is granted.

## I. BACKGROUND

On October 10, 2012, Petitioner Billy Tyler ("Tyler") filed his Petition for Writ of Habeas Corpus ("Petition"), alleging he was denied due process of law in violation of the Fourteenth Amendment *because* he was convicted of the illegal practice of law without a trial. (Filing No. 1.) On December 7, 2012, Respondents filed a Motion to Dismiss along with a Brief and Index of Evidence in Support. (Filing Nos. 5, 6, and 7.)

In their Brief, Respondents argue that Tyler is not challenging a conviction for the unauthorized practice of law, but rather, a civil injunction issued by the Nebraska Supreme Court in *State ex rel. Commission on Unauthorized Practice of Law v. Tyler*, 811 N.W.2d 678 (Neb. 2012). (Filing No. 7 at CM/ECF pp. 1-2.) In *Commission on Unauthorized Practice of Law v. Tyler*, the Nebraska Supreme Court enjoined Tyler from:

> [E]ngaging in the unauthorized practice of law in any manner, including but not limited to the following: (1) giving advice or counsel to another entity or person as to the legal rights of that entity or person or the legal rights of others for compensation, direct or indirect, where a relationship of trust or

reliance exists between Respondent and the party to whom it is given; (2) selecting, drafting, or completing, for another entity or person, legal documents which affect the legal rights of the entity or person; and (3) representing another entity or person in a court, in a formal administrative adjudicative proceeding or other formal dispute resolution process, or in an administrative adjudicative proceeding in which legal pleadings are filed or a record is established as the basis for judicial review.

State ex rel. Comm'n on Unauthorized Practice of Law v. Tyler, 811 N.W.2d at 682. (*See also* Filing No. 6-4.) In response to the Motion to Dismiss, Tyler has filed a two-page Motion for Summary Judgment. (Filing No. 8.)

## II. ANALYSIS

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)). This in-custody requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-491.

Tyler's civil injunction does not meet the in-custody requirement. *See, e.g.,* Canfield v. Butte Cnty. Superior Court, No. CIV S-07-1640 LKK GGH P, 2007 WL 4554225, at *1 (E.D. Cal. Dec. 20, 2007), (concluding habeas petitioner did not meet the habeas statute's in-custody requirement where petitioner, who was not incarcerated, sought relief from state court's temporary restraining order because it allegedly deprived him of his First Amendment right to freedom of expression); *see also* Carter v. United States, 733 F.2d 735, 736 (10th Cir. 1984), (dismissing, as "meritless," petitioner's habeas challenge to a

mandatory injunction that imposed restraints on his right to file lawsuits in state and federal courts throughout the country).

Further, the court recognizes that Nebraska has an important obligation to regulate individuals who practice law within Nebraska. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Assn., 457 U.S. 423, 432 (1982); Bailey v. Moyer, No. 2:05CV556, 2005 WL 1490827, at *3 (S.D. Ohio June 23, 2005), ("Implicit in the regulation of the practice of law must be the regulation of those individuals who are not licensed to practice law but, nonetheless, endeavor to engage in the practice of law."). Tyler has filed several cases in this court requesting relief from Nebraska's regulation of his unauthorized practice of law. In each case, the court has abstained from exercising jurisdiction over his claims under Younger v. Harris, 401 U.S. 37 (1971), and Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 432 (1982). (See Case No. 8:13CV13, Filing No. 6; Case No. 8:12CV94, Filing No. 8 (aff'd Filing No. 16); Case No. 8:12CV277, Filing No. 7 (aff'd Filing No. 14.) Tyler's attempt to reframe the civil injunction as a "conviction" does not satisfy the habeas statute's in-custody requirement nor does it present a circumstance sufficient to warrant this court's interference with the State of Nebraska's continued regulation of his unauthorized practice of law. Accordingly,

IT IS THEREFORE ORDERED that:

1. Respondents' Motion to Dismiss (Filing No. 5) is granted;

2. Petitioner Billy Tyler's Petition for Writ of Habeas Corpus (Filing No. 1) is denied in all respects and this action is dismissed without prejudice;

3. Petitioner's Motion for Summary Judgment (Filing No. 8) is denied; and

3

4. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 1st day of April, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.